DA 13-0074

IN THE SUPREME COURT OF THE STATE OF MONTANA

2013 MT 249N

IN THE MATTER OF:

J.W., T.W., and E.R.L.L.,

    Youths in Need of Care.

APPEAL FROM:    District Court of the Nineteenth Judicial District,
                In and For the County of Lincoln, Cause Nos. DN 10-27, DN 10-28, DN 11-5
                Honorable James B. Wheelis, Presiding Judge

COUNSEL OF RECORD:

        For Appellant:

            Carolynn M. Fagan, Fagan Law Office, P.C., Missoula, MT

        For Appellee:

            Timothy C. Fox, Montana Attorney General; Katie F. Schulz, Assistant
            Attorney General, Helena, Montana

            Bernard G. Cassidy, Lincoln County Attorney, Libby, MT

                            Submitted on Briefs:   July 17, 2013

                                    Decided:   September 3, 2013

Filed:

                    _____
                                    Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Birth mother E.W. appeals from an order of the Nineteenth Judicial District Court, Lincoln County, terminating her parental rights to her three children, T.W., J.W., and E.R.L.L.  We affirm.

¶3     The following issues are raised on appeal:

¶4     Whether the District Court erred in finding the treatment plan appropriate.

¶5     Whether the District Court erred in finding that the Department of Public Health and Human Services (the Department) made reasonable efforts to reunite E.W. with her children.

¶6     Whether the District Court abused its discretion in terminating E.W.'s parental rights.

¶7     E.W. is the mother of T.W., born in 2008, J.W., born in 2009, and E.R.L.L., born in 2011.  T.W. and J.W. have been in care since November of 2010 and were adjudicated youths in need of care on March 30, 2011.  E.R.L.L. has been in care since August of 2011 and was adjudicated a youth in need of care on January 13, 2012.  The parental rights of both the father of T.W. and J.W. and the father of E.R.L.L. were previously terminated following a hearing on July 9, 2012.

¶8     A treatment plan for E.W. was approved on April 12, 2011, and updated on September 26, 2011, and April 23, 2012.  The treatment plans were approved each time

without objection from E.W. The treatment plans required E.W. to complete the following tasks: work cooperatively with Family Concepts on parenting related skills; maintain a permanent and consistent residence; attend regular counseling; have a reasonable child care plan for hours of employment or school; maintain weekly contact with her social worker; attend supervised visits and follow all the rules of visitation; sign all necessary releases; and review T.W.'s occupational therapy evaluation.

¶9 The Department filed a petition to terminate E.W.'s parental rights on October 4, 2012. Following a termination hearing on December 18, 2012, the District Court terminated E.W.'s parental rights pursuant to § 41-3-609(1)(f), MCA.

¶10 A district court's termination of parental rights is reviewed for abuse of discretion. *In re H.R.*, 2012 MT 290, ¶ 9, 367 Mont. 338, 291 P.3d 583. A trial court abuses its discretion if it has "'acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice.'" *In re D.B.*, 2007 MT 246, ¶ 16, 339 Mont. 240, 168 P.3d 691 (quoting *In re K.J.B.*, 2007 MT 216, ¶ 22, 339 Mont. 28, 168 P.3d 629). Findings of fact are reviewed for clear error. *In re D.B.*, 2007 MT 246, ¶ 18. Conclusions of law are reviewed for correctness. *In re D.B.*, 2007 MT 246, ¶ 18.

¶11 E.W. argues for the first time on appeal that the treatment plans were not appropriate because they failed to address her particular mental disabilities. Under Montana law, "'[a] parent who does not object to a treatment plan's goals or tasks waives the right to argue on appeal that the plan was not appropriate.'" *In re D.S.B.*, 2013 MT 112, ¶ 10, 370 Mont. 37, 300 P.3d 702 (quoting *In re H.R.*, 2012 MT 290, ¶ 10, 367 Mont. 338, 291 P.3d 583). E.W.

agreed to each treatment plan while represented by counsel. Therefore, she has waived the right to argue on appeal that the treatment plans were not appropriate.

¶12     E.W. next argues that the Department failed to make reasonable efforts to reunite her with the children. Reasonable efforts may include development of an individual case plan, provision of services pursuant to a case plan, and periodic review of each case to ensure timely progress. Section 41-3-423(1), MCA. Over more than two years, the Department provided services including development of a treatment plan, a psychological evaluation, parenting support services, supervised visitation, pregnancy test kits, assistance enrolling in WIC and Medicaid, therapy, assignment to a mental health case manager, a chemical dependency evaluation, a parenting assessment, gas vouchers, assistance with diapers, treatment team meetings, and family group decision making meetings. We agree with the conclusion of the District Court that these services were reasonable efforts.

¶13     E.W. finally argues that the District Court abused its discretion when it terminated her parental rights. A court may order termination of parental rights upon a finding of clear and convincing evidence that the child is an adjudicated youth in need of care, an appropriate treatment plan has not been complied with or has not been successful, and the conduct or condition of the parents rendering them unfit is unlikely to change within a reasonable time. Section 41-3-609(1)(f), MCA. Compliance with the treatment plan must be complete. Partial or substantial completion of the treatment plan is insufficient. *In re D.B.*, 2004 MT 371, ¶ 41, 325 Mont. 13, 103 P.3d 1026.

¶14     E.W. completed the tasks of maintaining contact with her social worker, signing necessary releases, and reviewing T.W.'s occupational therapy evaluation. E.W. did not

4

successfully complete the remaining tasks. She exhibited verbal aggression toward Family Concepts staff, and on two occasions she was asked to leave. She was homeless for periods of time. She missed 22 of 69 scheduled therapy sessions. She did not make any plan for reasonable child care arrangements. She attended all scheduled visitations, but did not follow the rules laid out by visitation supervisors, instead becoming argumentative when supervisors intervened. E.W. successfully completed only three of the eight tasks. The District Court correctly concluded that this is insufficient to show compliance with the treatment plan.

¶15 There is also substantial evidence supporting the finding that it is unlikely the conduct and conditions rendering E.W. unfit will change in a reasonable time. Dr. Edward Trontel, who performed the psychological evaluation, testified that "with respect to her ability to function as a parent the outlook would be dismal." Dr. Trontel's report states, "When asked what she needed to change to make a better life for her children, [E.W.] responded, 'Not a Goddam thing!'" The report further notes that E.W.'s attitude toward treatment "render[ed] the chances for meaningful change virtually nil." Marcia Tharp, the therapist assigned to E.W., testified that in over a year of therapy, the results had been "negligible" and the sessions had at times become "counter-productive." The District Court did not err in finding that the conditions rendering E.W. unfit are unlikely to change in a reasonable time.

¶16 We have determined to decide this case pursuant to Section I, Paragraph 3(d) of our Internal Operating Rules, which provides for noncitable memorandum opinions. The District Court's findings of fact are supported by substantial evidence and the legal issues are

controlled by settled Montana law, which the District Court correctly interpreted.  It is manifest on the face of the briefs and the record that there was no abuse of discretion.

¶17     Affirmed.

/S/ MIKE McGRATH

We concur:

/S/ MICHAEL E WHEAT
/S/ BETH BAKER
/S/ LAURIE McKINNON
/S/ JIM RICE